IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARIM RAZZAQ, #315554          *
        Plaintiff,
      v.          *   CIVIL ACTION NO. PJM-07-907

SERGEANT V. CARLYLE          *
OFC. K. POWELL
        Defendants.          *
           ***

## MEMORANDUM OPINION

I.    Background

The above-captioned 42 U.S.C. § 1983 prisoner civil rights action filed on March 29, 2007, concerns the alleged mishandling of Plaintiff's personal and legal property when he was transferred from the Maryland House of Correction Annex ("MHCA")[1] on August 3, 2005. Plaintiff claims that on August 4, 2005, his property was improperly inventoried by Defendants, who failed to note and transfer with him personal property items, *e.g.*, tennis shoes, a fan, religious clothing items, photographs, and stamps, along with all "my court legal documents, i.e., transcripts, crime scene evidence, and other legal letters needed for court." Paper No. 1. Plaintiff claims that due to the loss of the legal materials he was "made to miss a court deadline with the courts of special appeal[s], plus I was made to file other court complaints prematurely without complete knowledge of the facts which these court documents would have provided." *Id.* Plaintiff seeks compensatory damages of $1,738.84 for the loss of the property and $100,000.00 for his pain, suffering, and harm to his legal case. *Id.*

---

[1]    MHCA was renamed the Jessup Correctional Institution in March of 2006.

II.     Dispositive Filings

Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Paper No. 14.  The matter has been fully briefed.  For reasons to follow, Defendants' dispositive motion shall be granted in part and denied in part without hearing.  See Local Rule 105.6. (D. Md. 2004).

III.    Standard of Review

Summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete

failure of proof concerning an essential element...necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *See Anderson*, 477 U.S. at 256.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.    In *Anderson*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*., 477 U.S. at 249 (1986).   A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).  The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment.  *See Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  *Shin v. Shalala*, 166 F.Supp.2d 373, 375

(D. Md. 2001) (citation omitted).   Indeed, this Court has an affirmative obligation to prevent

factually unsupported claims and defenses from going to trial.  *See Drewitt v. Pratt*, 999 F.2d 774,

778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

IV.    Analysis

      Personal Property

      Plaintiff complains that his Nike tennis shoes, fan, clothing,[2] family photographs and stamps

were not properly inventoried by Defendants.   His allegation does not set out a colorable claim in

that the loss or destruction of personal property through the negligent or intentional action of

correctional officers does not violate due process if post-deprivation remedies are available.  *See*

*Parratt v. Taylor*, 451 U.S. 527, 542-43 (1981), overruled on other grounds by *Daniel v. Williams*,

474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (rejecting procedural due

process claim for alleged intentional deprivation of property by state employees where a meaningful

post-deprivation remedy for the loss was available).   As a Division of Correction inmate, Plaintiff's

access to the administrative remedy process satisfies the post-deprivation requirements under the

*Paratt/Hudson* doctrine.

      Legal Property

      Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations

of fundamental constitutional rights to the courts."  *Bounds v. Smith*, 430 U.S. 817, 825 (1977);

*Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978).  In *Lewis v. Casey*, 518 U.S. 343 (1996),  the

Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of

---

[2]      In his opposition Plaintiff identifies this clothing as "Islamic Religious Clothing..."   The
Court notes, however, that at no point does Plaintiff allege that the loss of the unidentified articles of clothing
prevented him from practicing his religion.

access to the courts is actionable, but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that *Bounds* stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they be provided the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355; *see also Penrod v. Zavaras,* 94 F.3d 1339, 1403 (10th Cir.1996) (standing requirement of "actual injury" requires prisoner to show that denial of legal materials hindered prisoner's efforts to pursue non-frivolous claim).

Plaintiff was subject to an emergency move out of MHCA and his property was inventoried and boxed for transit. He was first transferred to the Maryland Correctional Adjustment Center on or about August 3, 2005. Defendants claim that approximately two weeks later on August 18, 2005, Plaintiff was transferred to the Western Correctional Institution and his boxed property was returned to him on or about August 22, 2005.[3] They assert that Plaintiff's inability to access his legal material for purposes of his criminal appeal before the Court of Special Appeals of Maryland did not prejudice him because he was not proceeding *pro se* before the state appellate court and it was the responsibility of his counsel to meet all filing deadlines before the Court of Special Appeals. Defendants further assert that as the Court of Special Appeals issued its decision on October 28, 2005, Plaintiff cannot show how the absence of his documents in August of 2005, negatively affected his ability to seek further review in the Court of Appeals. They note that the Court of

---

[3]     The August 22, 2005 date is set out in the April 26, 2006 decision of Administrative Law Judge Stephen J. Nichols. Paper No. 14, Ex. A at 7. Defendants' exhibits, including personal property inventory sheets, do not provide this Court any particularized information supporting the claim that the property was returned on August 22, 2005. *Id*., Ex. A at 25.

5

Appeals denied certiorari on February 10, 2006, and argue that there is nothing in that opinion which supports Plaintiff's assertions of injury.[4]   In sum, Defendants allege that Plaintiff had full access to the appellate process.

In his Opposition and accompanying declaration, Plaintiff maintains that the legal papers needed for his appeal of his criminal conviction were not provided to him in August of 2005, and as of the August 7, 2007 signature date of his Opposition and declaration the "item" (presumably legal papers) has not been returned to him.   Plaintiff maintains that he needed these documents because while he was represented by the Office of the Maryland Public Defender on appeal,  his lack of access to the materials caused him to miss deadlines for filing a supplemental *pro se* appeal and writ of certiorari to raise issues not argued by counsel.[5]   Further, Plaintiff claims that as a result of the loss of the legal papers he was unable to preserve his rights to raise those issues on collateral review in that the issues were rejected by the post-conviction judge because Plaintiff failed to raise them on appeal.

There is no dispute that Defendants inventoried and boxed Plaintiff's property for purposes of his emergency transfer on or about August 3, 2005.   Based upon Plaintiff's rebuttal declaration and exhibits, however, there is a material issue of fact as to whether the transcripts, crime scene evidence, and other legal letters at issue were in fact returned to him on August 22, 2007 or at a later

---

[4]      Plaintiff filed a grievance regarding his properly loss and appealed the matter to the Inmate Grievance Office for review before an administrative law judge ("ALJ").  Defendants' arguments primarily rely on the decision issued by ALJ Stephen J. Nichols.  Paper No. 14, Ex. A.  No personal affidavits are provided by Defendants.

[5]      Plaintiff  attaches a November 10, 2005 letter from appellate counsel indicating that she was willing to file a petition for writ of certiorari in his case to raise one issue and that if there were additional issues he wished to raise, he could file his own petition, in addition to the one filed by her, by writing to the Court of Appeals of Maryland within 45 days from the date of the opinion of the Court of Special Appeals of Maryland.  Paper No. 16.

date.  Further, while it is clear Plaintiff had his legal materials in early August of 2005, and was represented by the Office of the Public Defender on appeal, there remains a material issue of fact as to whether the deprivation of access to his legal materials caused Plaintiff to suffer the injury required under *Lewis* by preventing him from raising *pro se* supplemental issues in his criminal appeal (and collateral review) in the Maryland courts.

## VI.  Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss shall be granted and their Motion for Summary Judgment shall be denied.  Plaintiff, who was granted leave to proceed in forma pauperis, shall be granted an additional period to file a request for appointment of counsel.[6] A separate Order reflecting the rulings in this decision shall follow.


                                         /s/
                              PETER J. MESSITTE
August 27, 2007               UNITED STATES DISTRICT JUDGE


---

[6]      On August 23, 2007, Plaintiff filed a Motion for Order Compelling Discovery, seeking to compel responses to his interrogatories and the production of requested documents.  Paper No. 17.  The Motion is not accompanied by the discovery documents.  The Motion shall be denied without prejudice in light of the rulings set out in this opinion.  In addition, as a scheduling order has not been issued in this matter, discovery is inappropriate.  *See* Local Rule 104.4. (D. Md. 2004); *see also* Fed. R. Civ. P. 26(a)(1)(E)(iii).